**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **LATANIZA SUTTON, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-559 (MTT)** |
| | ) | |
| **CITY OF OGLETHORPE, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

Plaintiffs, Lataniza and Jeffrey Sutton, proceeding pro se, bring suit against the City of Oglethorpe, Macon County, and various officials, relating to failed attempts to obtain inspections required to operate a restaurant in Oglethorpe, Georgia. ECF 6. They also move for a preliminary injunction requesting, among other things, performance of inspections and issuance of a business license. ECF 10. Defendants move to dismiss. ECF 12; 14. In response to the motion, Plaintiffs submit exhibits and refer to facts not mentioned in the First Amended Complaint. ECF 16; 19. As explained below, because of Plaintiffs' pro se status, the Court will afford Plaintiffs an opportunity to file a Second Amended Complaint no later than **October 12, 2026**.[1] The motion for preliminary injunction (ECF 10) is **DENIED**.

## I. DISCUSSION

[1] Plaintiffs amended their complaint once before any Defendant filed a motion to dismiss, but it appears the amendment only corrected a date. ECF 1; 6; 6-1 at 1.

**A. Leave to Amend**

The First Amended Complaint largely lacks non-conclusory factual allegations.[2] ECF 6. Plaintiffs allege they have repeatedly sought fire, health, and code inspections and a business license necessary to lawfully operate their restaurant since 2023. ECF 6 at 3; 6-2 ¶¶ 2–7. On January 4, 2024, "multiple defendants collectively came to Plaintiffs' property with law enforcement present, not to perform inspections, but to intimidate Plaintiffs and threaten arrest." ECF 6 at 5; ECF 6-2 ¶¶ 11–13. In February 2025, a city clerk, Defendant Melissa Jones, issued a business license to Defendant Police Chief James Breletic in Plaintiffs' "name for restaurant location" and did not require Breletic to obtain inspections. ECF 6 at 3; ECF 6-2 ¶¶ 8–10. Jones also created a paid water account for Plaintiffs but had allowed a previous occupant of the property to use water free of charge. ECF 6 at 3. Plaintiffs formally complained of discrimination on July 21, 2025, but Defendant Breletic "refused to accept" the complaint and subsequently "restricted Plaintiffs' access to open records related to the complaint" and "made materially false statements in official police reports." *Id.* at 4; ECF 6-2 ¶¶ 14–16. Based on these allegations, Plaintiffs assert § 1983 claims for a violation of their rights to equal protection and procedural due process and claims for First Amendment retaliation and conspiracy to interfere with civil rights. ECF 6 at 5. They also assert a municipal liability claim against the City of Oglethorpe and Macon County. *Id.*

Defendants move to dismiss, and their motions highlight deficiencies in the First Amended Complaint. ECF 12; 14. In response, Plaintiffs file short briefs opposing the

[2] The Court notes that Plaintiffs attach to the First Amended Complaint a "Statement of Material Facts," which cites affidavits Plaintiffs filed separately on the docket. ECF 6-2; 8; 8-1. Construing the statement of material facts as part of the First Amended Complaint and the affidavits as incorporated by reference, non-conclusory factual allegations remain sparse.

motions, which largely fail to address Defendants' specific arguments for dismissal. ECF 16; 19. Instead, Plaintiffs assert that the First Amended Complaint is sufficient and attach exhibits which Plaintiffs claim support the allegations of the First Amended Complaint. *Id.* To the extent Plaintiffs submit exhibits in an attempt to prove the few non-conclusory factual allegations in the First Amended Complaint, they need not. At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (citation modified).

To the extent Plaintiffs seek to amend the First Amended Complaint through the addition of exhibits, the Court will not consider Plaintiffs' exhibits in response to the motion to dismiss. *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1162 (11th Cir. 2019) ("On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court ordinarily may not look beyond the pleadings."). As the Court explained in the two Griffith notices issued to Plaintiffs, motions to dismiss are generally decided on the briefs, and the pertinent inquiry is whether the complaint contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); ECF 13 at 1–2; 18 at 1–2. In addition, the Court informed Plaintiffs that a response brief is not the proper avenue for amending a complaint. ECF 13 at 2; 18 at 2. The Court explained:

> The Eleventh Circuit has held that "[a] plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam). The Circuit has, in unpublished opinions, applied the same rule

> when a *pro se* party seeks to cure deficiencies in his brief opposing a motion to dismiss. *Gladney v. Consumers Credit Union*, 2024 WL 2797914 at *4 (11th Cir. May 31, 2024) (per curiam) (stating that the plaintiff "could not cure the deficiencies in his amended complaint by asserting additional facts in his response to [defendant's] motion to dismiss"); *Huls v. Llabona*, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (per curiam) (stating that "[b]ecause [plaintiff] raised this argument for the first time in his response to [defendant's] motion to dismiss, instead of seeking leave to file an amended complaint, pursuant to Fed. R. Civ. P. 15(a), it was not properly raised below").

ECF 13 at 2 n.2; 18 at 2 n.2. Thus, the Court again informs Plaintiffs that when ruling on a motion to dismiss, it will generally not consider matters outside the pleadings. Nor, as Defendants note, is a response brief the proper avenue for seeking leave to amend a complaint. ECF 20 at 4; *Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, 93 F.4th 1315, 1337–38 (11th Cir. 2024).

That said, given Plaintiffs' pro se status and the possibility that dismissal, even without prejudice, could bar some of their claims, the Court will allow Plaintiffs to file a Second Amended Complaint no later than **October 12, 2026**. Plaintiffs may choose not to amend the First Amended Complaint. But the Court warns Plaintiffs that it will not consider new issues or facts that are outside the scope of the First Amended Complaint when ruling on Defendants' motions to dismiss, including issues raised in Plaintiffs' exhibits.

### B. Amendment Instructions

If Plaintiffs file a Second Amended Complaint, they shall include all facts they wish to make a part of these proceedings in the complaint itself, including information contained in any exhibits or affidavits. In addition, Plaintiffs shall cite the appropriate statutory or constitutional authority for bringing their claims. In the "statement of claims" section of their amended complaint, Plaintiffs must link any claims they make to a

named defendant. If Plaintiffs fail to link a named defendant to a claim, the claim will be dismissed; if Plaintiffs make no allegations in the body of their complaint against a named defendant, that defendant will be removed from the action.

Plaintiffs must provide enough facts to plausibly demonstrate that each Defendant's actions or omissions resulted in the violation of their rights under a specific law. It is also recommended that, when drafting a "statement of claims," Plaintiffs list numbered responses to the following questions (to the extent possible) along with the name of each Defendant:

(1) What did each Defendant do (or not do) to violate Plaintiffs' rights?

(2) When did each action occur?

(3) How were Plaintiffs injured as a result of each Defendant's actions?

Any amended complaint will take the place of and supersede Plaintiffs' prior complaints. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847–48 (11th Cir. 2013). Plaintiffs may not refer to, or incorporate by reference, a prior complaint. The Court will not look back to the facts alleged in prior complaints after an amended complaint is filed; the Court will only consider the facts in the Second Amended Complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

**C. Effect on Defendants' Motions to Dismiss**

The Court does not now rule on Defendants' motions to dismiss. ECF 12; 14. If Plaintiffs file an amended complaint, the Court will consider whether the Second Amended Complaint moots the motions.

**D. Preliminary Injunction**

Plaintiffs move for a preliminary injunction. ECF 10. “The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.” *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990)). To obtain a preliminary injunction, Plaintiffs must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that granting the relief would not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Plaintiffs request that the Court order Defendants to “[i]mmediately schedule and conduct all required fire, building, and health inspections for Plaintiffs’ business,” “[a]ccept and process Plaintiffs’ business license applications on equal and nondiscriminatory terms”; “[c]ease all retaliatory, intimidating, or obstructive conduct, including threats of arrest related to Plaintiffs’ licensing efforts”; and to “[t]reat Plaintiffs no differently than similarly situated applicants.” ECF 10 at 4. But given the dearth of non-conclusory factual allegations supporting Plaintiffs’ claims, Plaintiffs have not demonstrated a substantial likelihood of success on the merits. Consequently, they are not entitled to preliminary injunctive relief. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (stating that the moving party is not entitled to a preliminary injunction unless it establishes its burden as to all four prerequisites). The motion for a preliminary injunction (ECF 10) is **DENIED**.

## II. CONCLUSION

Plaintiffs may file a Second Amended Complaint no later than **October 12, 2026**. If Plaintiffs file a Second Amended Complaint, the Court will then consider whether the amendment moots Defendants' motions to dismiss. Plaintiffs' motion for a preliminary injunction (ECF 10) is **DENIED**.

**SO ORDERED,** this 21st day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT